# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Elaine Accolla, | ) Civil Action No. 0:17-cv-01972-JMC |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| Speedway, LLC d/b/a Wilco Hess, John Doe No. 1, John Doe No. 2, John Doe Company No. 1 and John Doe Company No. 2, | ) |
| Defendants. | ) |

Plaintiff Elaine Accolla ("Accolla" or "Plaintiff") filed this action seeking damages from Defendants Speedway, LLC d/b/a Wilco Hess, John Doe No. 1, John Doe No. 2, John Doe Company No. 1 and John Doe Company No. 2 (collectively "Defendants") for injuries Plaintiff suffered when she slipped and fell on September 9, 2014, while walking though the parking lot of premises located at State Hwy 200 in Winnsboro, South Carolina. (See ECF No. 1-1 at 3 ¶ 8–4 ¶ 9.)

This matter is before the court by way of Plaintiff's Motion to Compel Discovery filed on October 4, 2017. (ECF No. 19.) Defendant Speedway, LLC d/b/a Wilco Hess ("Speedway") opposes Plaintiff's Motion in its entirety. (ECF No. 22.)

## I. RELEVANT BACKGROUND TO PENDING MOTION

On July 27, 2017, Plaintiff served Interrogatories and Requests for Production on Speedway. (ECF No. 19-1 at 1.) On September 18, 2017, Speedway provided Plaintiff with responses to her discovery requests. (ECF No. 19-4.) Upon review of Speedway's discovery responses and/or objections, Plaintiff found deficient Speedway's Answers to Interrogatory Nos. 8, 9 and 11 and Responses to Requests for Production Nos. 13, 23, 24 and 26. (ECF No. 19-2.)

After the parties were unable to resolve the discovery dispute resulting from the alleged deficiencies in Speedway's production, Plaintiff timely filed a Motion to Compel on October 4, 2017.[1]  (Id.)  On October 18, 2017, Speedway filed its Memorandum in Opposition to Plaintiff's Motion to Compel.  (ECF No. 22.)  Plaintiff did not file a reply in support of her Motion.

## II. JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  Plaintiff is a citizen and resident of the State of Florida.  (ECF No. 1-1 at 2 ¶ 1.)  Speedway is a Delaware limited liability company with a sole member, MPC Investment LLC, which is also a Delaware limited liability company.  (ECF No. 1 at 2 ¶ 4.)  Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with the parties' representations.  (ECF Nos. 1-1 at 7 & 1 at 1 ¶ 9.)

## III. LEGAL STANDARD

A.  <u>Discovery Generally</u>

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Id.

The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case.  <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.</u>, 967 F.2d 980, 983 (4th

---

[1] Local Civil Rule 37.01(A) (D.S.C.) requires that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due."

Cir. 1992) ("the discovery rules are given 'a broad and liberal treatment'") (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). That said, discovery is not limitless and the court has the discretion to protect a party from "oppression" or "undue burden or expense." Fed. R. Civ. P. 26(c).

B.  Motions to Compel

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is afforded a district court's decision to grant or deny a motion to compel. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (Internal citation omitted); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988); LaRouche v. Nat'l Broad. Co., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

IV.  ANALYSIS

A.  Overview of Discovery

The court adheres to the basic premise that the scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense and (3) proportional to the needs of the case. E.g., Gordon v. T.G.R. Logistics, Inc., Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking

discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" Wilson v. Decibels of Or., Inc., Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted). A discovery request is relevant "if there is any possibility that the information sought might be relevant to the subject matter of [the] action." Wilson, 2017 WL 1943955, at *5 (quoting Jones v. Commander, Kan. Army Ammunitions Plant, 147 F.R.D. 248, 250 (D. Kan. 1993)). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

With the foregoing as a backdrop, Plaintiff has filed a Motion to Compel seeking supplemental answers to Interrogatory Nos. 8, 9 and 11 and supplemental responses to Requests for Production Nos. 13, 23, 24 and 26. (ECF No. 19-1 at 2–4.) Speedway opposes the instant Motion. In their filings, the parties generally dispute the relevance and proportionality of the information considered to be responsive to the aforementioned discovery requests. Upon review and consideration of the parties' respective positions, the court adjudicates each disputed discovery request as follows:

B.  Interrogatories

    **Interrogatory No. 8:** List the names, last known addresses, job titles, and telephone numbers of all employees or contractors of Defendant who:

    a.    Reported to work at State Hwy 200, Winnsboro, South Carolina on

    September 9, 2014;
 b. Communicated with Plaintiff or her family members about this incident;
 c. Were employed as a manager or assistant manager for Defendant's store located at State Hwy 200, Winnsboro, South Carolina on September 9, 2014;
 d. Have any knowledge about any maintenance, cleaning or pressure washing being performed at State Hwy 200, Winnsboro, South Carolina on September 9, 2014;
 e. Have any knowledge about the incident involving Plaintiff at State Hwy 200, Winnsboro, South Carolina on September 9, 2014.

(ECF No. 19-4 at 4.)

<u>The Court's Ruling</u>: Plaintiff asserts that the information sought in Interrogatory No. 8 "will likely lead to relevant information on the pressure washing activities taking place at the store throughout the course of the day" and "is relevant in light of claims that Defendant was negligent in hiring, training or supervising personnel." (ECF No. 19-1 at 6–7.) Speedway objects to Interrogatory No. 8 on the basis that "identities of all employees or contractors who reported to work on September 9, 2014 are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 22 at 2.) Despite its objection, Speedway asserts that it "supplemented its answer to Plaintiff's interrogatory based on the information it currently has with respect to the other requested details." (<u>Id.</u>)

Upon review, the court observes that it was not provided a copy of Speedway's supplemental answers to Interrogatory No. 8. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental answers to Interrogatory No. 8 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Interrogatory No. 8.

> **Interrogatory No. 9:** Please identify any previous complaints, claims, or lawsuits known by Defendants or by any tenant of the property located at State Hwy 200, Winnsboro, South Carolina. For each complaint, please state:

  a. The date of the complaint or alleged injury;
  b. The nature of the situation complained of;
  c. The name and address of the person so complaining;
  d. The caption, date of filing, disposition and docket number for each legal action filed.

(ECF No. 19-4 at 5.)

<u>The Court's Ruling</u>: Plaintiff asserts that the information sought in Interrogatory No. 9 is "relevant to the extent that the conduct of management and employees of this particular store may have previously caused injuries to other customers." (ECF No. 19-1 at 7.) In addition, Plaintiff asserts that the Interrogatory is properly proportional because it is limited "to a time period of 5 years preceding the incident and for claims related only to personal injury." (<u>Id.</u>) Speedway objects to Interrogatory No. 9 on the basis that it is "overly broad and unduly burdensome because it is not limited to the relevant time period, because it is not limited to the issues in this case, and because it was irrelevant and not reasonably limited to the discovery of admissible evidence." (ECF No. 22 at 3.) Notwithstanding its objection, Speedway states that it has "supplemented its answer to Plaintiff's interrogatory based on the information it currently has (going back as far as it can to 2011) with incidents substantially similar to the incident in question, which is to say falls that occurred outside of the store from January 1, 2011 up until the date of the incident." (<u>Id.</u>)

Upon review, the court observes that it was not provided a copy of Speedway's supplemental answers to Interrogatory No. 9. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental answers to Interrogatory No. 9 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Interrogatory No. 9.

**Interrogatory No. 11:** Describe any written or electronically maintained

standards, policies, procedures, directives, safety bulletins, audio, video, web modules, guidelines, handbooks, manuals, protocols, or any form of instruction related to the maintenance, cleaning, ownership, inspections, operation, or safety of the property located at State Hwy 200, Winnsboro, South Carolina that is owned, rented, or operated by Defendant.

(ECF No. 19-4 at 6.)

The Court's Ruling: Plaintiff generally asserts that the materials requested in Interrogatory No. 11 "are proportional to this case, should be easily accessible, and reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 19-1 at 9.) Speedway responds that it "agreed to produce relevant and responsive documents relating to the inspection of the property as to slip hazards and/or power washing of the property in effect on September 9, 2014, if any" and has further "supplemented its answer to Plaintiff's interrogatory based on the information it currently has with respect to the requested information." (ECF No. 22 at 3.)

Upon review, the court observes that it was not provided a copy of Speedway's supplemental answers to Interrogatory No. 11. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental answers to Interrogatory No. 11 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Interrogatory No. 11.

C.  Requests for Production

> **Request for Production No. 13:** Produce copies of employee handbooks, directives, procedures, instructions, brochures, diagrams, web modules, guidelines, video, audio, safety bulletins, standard operating procedures, directives, standard operating procedures [sic], policies, manuals, training materials, internal standards, or any electronic or written information whatsoever regarding the maintenance, upkeep, inspection, repair, pressure washing, renovation, and safety of the property located at State Hwy 200, Winnsboro, SC applicable as of September 9, 2014.

(ECF No. 19-4 at 12.)

The Court's Ruling: Plaintiff generally asserts that the materials requested in Request No. 13 "are proportional to this case, should be easily accessible, and reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 19-1 at 9.) Speedway responds that it "agreed to produce relevant and responsive documents relating to the inspection of the property as to slip hazards and/or power washing of the property in effect on September 9, 2014, if any" and has further "supplemented its response to Plaintiff's requests to produce based on the information it currently has with respect to the requested information." (ECF No. 22 at 4.)

Upon review, the court observes that it was not provided a copy of Speedway's supplemental responses to Request No. 13. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental responses to Request No. 13 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Request for Production No. 13.

> **Request for Production No. 23:** Produce a copy of any agreement, contract, guidelines, policy, manual handbook, or other document related to the maintenance, management, ownership, control, inspection, safety, or cleaning of the parking lot, fuel bays, sidewalk and building(s) located at State Hwy 200, Winnsboro, SC applicable as of September 9, 2014.

(ECF No. 19-4 at 15.)

The Court's Ruling: Plaintiff generally asserts that the materials requested in Request No. 23 "are proportional to this case, should be easily accessible, and reasonably calculated to lead to the discovery of admissible evidence." (ECF No. 19-1 at 9.) Speedway responds that it "agreed to produce relevant and responsive documents relating to the inspection of the property as to slip hazards and/or power washing of the property in effect on September 9, 2014, if any" and has further "supplemented its response to Plaintiff's requests to produce based on the information it currently has with respect to the requested information." (ECF No. 22 at 4.)

Upon review, the court observes that it was not provided a copy of Speedway's supplemental responses to Request No. 23. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental responses to Request No. 23 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Request for Production No. 23.

> **Request for Production No. 24:** Produce copies of all claims, lawsuits, complaints or any other document or communication related to any claim made for personal injury or property damage arising out of the use of or occurring at the property located at State Hwy 200, Winnsboro, SC.

(ECF No. 19-4 at 15.)

<u>The Court's Ruling</u>: Plaintiff asserts that documentation responsive to Request for Production No. 24 is "relevant to the extent that the conduct of management and employees of this particular store may have previously caused injuries to other customers." (ECF No. 19-1 at 7.) In addition, Plaintiff asserts that the Request is properly proportional because it is limited "to a time period of 5 years preceding the incident and for claims related only to personal injury." (Id.) Speedway objects to Request No. 24 on the basis that it is "overly broad and unduly burdensome because it is not limited to the relevant time period, because it is not limited to the issues in this case, and because it was irrelevant and not reasonably limited to the discovery of admissible evidence." (ECF No. 22 at 4.) Notwithstanding its objection, Speedway states that it has "supplemented its response to Plaintiff's request based on the information it currently has (going back as far as it can to 2011) with incidents substantially similar to the incident in question, which is to say falls that occurred outside of the store from January 1, 2011 up until the date of the incident." (Id. at 5.)

Upon review, the court observes that it was not provided a copy of Speedway's

supplemental responses to Request No. 24. In this regard, because Plaintiff has not filed a reply asserting that Speedway's supplemental responses to Request No. 24 are also deficient, the court presumes the resolution of the dispute as to this discovery request. Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Request for Production No. 24.

> **Request for Production No. 26:** Produce the entire personnel file of any employee working on September 9, 2014, as well as any store manager or assistant manager working for the facility or enterprise located at State Hwy 200, Winnsboro, SC.

(ECF No. 19-4 at 16.)

The Court's Ruling: Plaintiff generally asserts that the requested personnel files "are relevant as they should provide records of any disciplinary action, instances where employees failed to adhere to corporate protocol, training, as well as last known contact information necessary to contact employees for depositions and trial that are no longer employed by Defendant Speedway (all of the individuals identified by Defendant Speedway are noted to be former employees)." (ECF No. 19-1 at 9–10.) Speedway opposes the request asserting that it is overly broad because it seeks personnel files for "any employee working as opposed to being limited to employees on duty." (ECF No. 22 at 5.) Notwithstanding its objection, Speedway asserts that it "provided the last known contact information for these former employees." (Id.)

Upon review, the court perceives that both the relevance and proportionality factors weigh against Plaintiff as to Request No. 26 because her arguments fail to demonstrate why she needs the personnel file of every employee and/or manager of Speedway who worked on September 9, 2014, at the State Hwy 200 location. The court further perceives that Speedway provided the most relevant information sought by the Request by giving Plaintiff the contact information for the "former employees" who worked on September 9, 2014. Accordingly, the

court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel as it relates to Request for Production No. 26.  E.g., Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105–06 (E.D.N.C. 1993) (observing that "in the case of personnel files, discovery is nevertheless required if (1) the material sought is "clearly relevant," and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable.") (citation omitted).

## V. CONCLUSION

After extensive review of the parties' arguments and submissions, the court for the reasons set forth above **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Compel Discovery.  (ECF No. 19.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 17, 2017
Columbia, South Carolina